[ECF No. 52]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **VICTORIA PENNETTI**, <br><br> Plaintiff, <br><br> v. <br><br> **WILLIAM HARROP**, <br><br> Defendant. | Civil No. 24-5270 (ESK)(EAP) |

## OPINION

This matter comes before the Court by Motion of Plaintiff Victoria Pennetti, ECF No. 52 (Pl.'s Motion), seeking leave to file an amended complaint to bring direct claims against proposed Defendant Louis G. Guzzo, Esquire[1] (Proposed Defendant). Defendant William Harrop opposes the motion. ECF No. 53 (Def.'s Opp.). The Court has reviewed the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons that follow and for good cause, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.

### FACTUAL BACKGROUND[2]

On December 10, 2020, the New Jersey Superior Court entered a judgment in the amount of $171,098 ("Judgment") in favor of Defendant Harrop and against Plaintiff Pennetti in a matrimonial case. *See* Proposed Am. Compl. ¶ 23. Defendant transferred the Judgment to

---

[1] Proposed Defendant Louis G. Guzzo, Esquire represented Defendant William Harrop in the "post-judgment matrimonial transactions involving the Harrop's and Pennetti's real estate[,] and the satisfaction of Defendant Harrop's judgment." ECF No. 52-5, Ex. B (Proposed Am. Compl.) ¶ 28; *see also* ECF No. 52-2 (Pl.'s Br.) at 1.

[2] The following facts are taken from Plaintiff's proposed amended complaint. *See* Proposed Am. Compl.

Pennsylvania for enforcement where Plaintiff held real property. *See id.* ¶ 3. On March 5, 2021, Plaintiff sold her real property in Pennsylvania (the "Pennsylvania Property"), and $430,000 from that sale was escrowed to satisfy the Judgment. *Id.* ¶¶ 3-5, 25-27. Plaintiff alleges that due to the sale, Plaintiff fully satisfied the Judgment. *Id.* ¶ 5. On May 21, 2021, Defendant executed a warrant to satisfy the Judgment in Pennsylvania. *Id.* Plaintiff further alleges that in 2021, Proposed Defendant Guzzo "was aware [of] his obligation to prepare a warrant to satisfy the judgment in New Jersey and, in fact, agreed to do so" based on email communication involving Guzzo and two non-parties regarding the issue. *Id.* ¶¶ 29-30. After the sale, however, Plaintiff contends that "Defendants Harrop and/or Guzzo failed to enter a warrant of satisfaction or mark the judgment satisfied in New Jersey," and the lien remained on Plaintiff's real property in New Jersey. *Id.* ¶¶ 31-32.

On July 1, 2023, Plaintiff attempted to sell her property in North Wildwood, New Jersey (the "New Jersey Property") for $2.415 million. *Id.* ¶¶ 1, 33. Plaintiff's real estate agent informed her that the judgment lien from the New Jersey Superior Court action remained on the New Jersey Property. *Id.* ¶ 35. Plaintiff sent her real estate agent a copy of the warrant of satisfaction entered in Pennsylvania to provide to the title company. *Id.* ¶ 36. However, despite that proof, Plaintiff was not able to complete the sale of the New Jersey Property with the buyer because, according to Plaintiff, the lien remained open in New Jersey. *Id.* ¶¶ 37-38.

On December 5, 2023, Plaintiff attempted to sell the New Jersey Property again for $1.9 million to a different buyer. *Id.* ¶ 40. Shortly before the sale of the property was finalized on February 8, 2024, the judgment lien on the New Jersey Property was marked satisfied in New Jersey. *Id.* ¶ 42. Plaintiff completed the sale of the New Jersey Property. *Id.*

## PROCEDURAL HISTORY

On April 18, 2024, Plaintiff commenced this action by filing a two-count Complaint against Defendant Harrop for the $515,000 difference between the first, aborted sale of the New Jersey Property and the second, completed sale. Plaintiff asserts a claim for Slander of Title, ECF No. 1 (Compl.), Count I, ¶¶ 41-50; and a violation of N.J.S.A. § 2A:16-46, *id.*, Count II,[3] ¶¶ 51-57. Following the parties' stipulated dismissal of Count II on July 30, 2024, ECF No. 16 (Stipulation), Defendant Harrop filed an answer to the Complaint. ECF No. 17 (Answer). On November 22, 2024, Defendant amended his answer and filed a third-party complaint against his former attorney, Third-Party Defendant Louis G. Guzzo. ECF No. 32 (Answer & Third-Party Compl.). Defendant alleged that Third-Party Defendant Guzzo failed to timely file the warrant of satisfaction in New Jersey following the sale of Plaintiff's Pennsylvania Property. *Id.* at 13, ¶ 9.

On March 19, 2025, the parties appeared for a settlement conference. Although no settlement was reached with Plaintiff, Third-Party Plaintiff/Defendant Harrop settled his claims against Third-Party Defendant Guzzo. ECF No. 49 (Stipulation of Dismissal). On June 30, 2025, Plaintiff timely filed the present motion to amend her Complaint to add claims against Proposed Defendant Guzzo as a direct defendant. *See* Pl.'s Motion. On July 21, 2025, Defendant Harrop opposed the motion as futile. *See* Def.'s Opp. This motion is now ripe for disposition.

## DISCUSSION

Federal Rule of Civil Procedure 15(a) governs amendments to pleadings before trial. A party may amend its pleading once as a matter of course within either twenty-one days after serving it, or, if the pleading is one to which a responsive pleading is required, the earlier of twenty-one days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f). Fed. R. Civ.

---

[3] Count II of the Complaint is misnumbered as a second Count I. For clarity, the Court will refer to this claim as Count II.

P. 15(a)(1).  If those deadlines have expired, a party may amend its pleading only with the opposing party's written consent or the court's leave.  Fed. R. Civ. 15(a)(2).  "The court should freely give leave when justice so requires."  *Id*.

The Third Circuit has adopted a liberal approach to the amendment of pleadings.  *Spartan Concrete Prods., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019); *see also Donovan v. W.R. Berkley Corp.*, 566 F. Supp. 3d 224, 229 (D.N.J. 2021) ("Generally, there is a presumption in allowing the moving party to amend its pleadings.").  However, a court may deny a motion for leave to amend in one of four instances: (1) the amendment would be futile; (2) the moving party has demonstrated undue delay, bad faith, or dilatory motives; (3) the amendment would prejudice the non-moving party; or (4) the moving party was put on notice of deficiencies in its pleading but chose not to resolve them.  *U.S. ex rel. Schumann v. AstraZeneca Pharms. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014).  Ultimately, the decision of whether to grant leave to amend is within the sound discretion of the Court.  *Arab Afr. Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

Amendments are futile if they would fail to state a claim upon which relief could be granted.  *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).  Futility is governed by the same standards of legal sufficiency as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), such that the Court must accept all factual allegations in a proposed amended complaint as true and view them in the light most favorable to the plaintiff.  *See Travelers Indem. Co. v. Dammann & Co.*, 594 F.3d 238, 243 (3d Cir. 2010); *see also Doe v. Princeton Univ.*, 30 F.4th 335, 340 (3d Cir. 2022).  Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).  Moreover, a

complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* As such, "[t]he trial court may properly deny leave to amend where the amendment would not withstand a motion to dismiss." *Massarsky v. Gen. Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983).

A. **Plaintiff's Slander of Title Claim Against Proposed Defendant Guzzo Is Futile.**

Under New Jersey law, "the tort of slander of title requires a plaintiff to establish that defendant falsely published an assertion concerning plaintiff's title which caused special damages to the plaintiff and that defendant acted out of malice, which was express or implied." *Lone v. Brown*, 199 N.J. Super. 420, 426 (App. Div. 1985). "Malice is defined as the intentional commission of a wrongful act without just cause or excuse." *Id.* (citing *Mayflower Indus. v. Thor Corp.*, 15 N.J. Super. 139, 152 (Ch. Div. 1951)). "Common-law malice, or malice-in-fact, has meant variously that the statement was published with an improper purpose or ill will, or without belief or reasonable grounds to believe in its truth." *Dairy Stores, Inc. v. Sentinel Publ'g Co.*, 104 N.J. 125, 136 (1986) (citations omitted).

Here, Plaintiff alleges that Proposed Defendant Guzzo "failed to enter a warrant of satisfaction or mark the judgment satisfied in New Jersey" after Plaintiff had fully satisfied the Judgment by the sale of the Pennsylvania Property. Proposed Am. Compl. ¶¶ 50-51.[4] Plaintiff asserts that the "improper and invalid judgment [lien]" that remained on the New Jersey Property

---

[4] The Proposed Amended Complaint misnumbers the paragraphs, such that the "Factual Background" section ends with paragraph 44 and "Count I-Slander of Title" then begins with paragraph 41, thereby duplicating paragraphs 41-44. For clarity, the Court hereinafter presumes that the second paragraph 41 should be paragraph 45, the second paragraph 42 should be paragraph 46, etc. and refers to them as such.

"constitute[d] a malicious publication of false allegations[.]" *Id.* ¶ 53.  Plaintiff further alleges that the Proposed Defendant "acted with intent and malice, purposely failing to remove the invalid judgment lien to the detriment of Plaintiff."  *Id.* ¶ 44.  Plaintiff contends that in 2021, Proposed Defendant Guzzo had allegedly agreed to file a warrant of satisfaction in New Jersey according to email communication with a non-party.  *Id.* ¶¶ 29-30.

In opposition, Defendant Harrop argues that Plaintiff's slander of title claim is futile.  Defendant contends that even if the facts in the Proposed Amended Complaint are taken as true, Plaintiff fails to state a claim against Proposed Defendant Guzzo because the Proposed Amended Complaint fails to plead any facts that show the judgment lien was false at the time of alleged publication or that Proposed Defendant Guzzo acted with malice when he allegedly made that publication.  Def.'s Opp. at 5.  The Court agrees.

The Court has not identified—nor has Plaintiff cited—any Third Circuit case law in which a lien on property that remains despite satisfaction constitutes a publication for a slander of title action.  Further, Plaintiff does not provide any facts in support of her allegation that the alleged publication of the lien in New Jersey was false when it was made.  Instead, it is undisputed that the lien was proper following the New Jersey Superior Court action.  Plaintiff has also failed to plausibly support her allegation that Defendants' apparent failure to satisfy the lien in New Jersey was done maliciously.  Even if the Proposed Defendant delayed in removing the lien, that alone does not plausibly demonstrate that he acted with actual or implied malice.  For all of these reasons, the Court finds that Plaintiff's proposed amendment to bring a claim for slander of title against Proposed Defendant Guzzo is futile, and leave to amend the Complaint to add this claim is denied.

B.     **Plaintiff's Claim for a Violation of N.J.S.A. § 2A:16-46 Is Futile.**

Likewise, the Court finds that Plaintiff's proposed claim for violation of N.J.S.A. § 2A:16-46 is futile because the statute does not grant Plaintiff a private right of action against Proposed Defendant Guzzo.

The starting point for the Court's analysis is whether the statute's plain language confers a private right to sue for a violation of the statute. It does not. *See generally* N.J.S.A. § 2A:16-46. As such, "'a private cause of action would have to be implied from the statutory scheme involved or the administrative regulations promulgated thereunder.'" *MHA, LLC v. Amerigroup Corp.*, 539 F. Supp. 3d 349, 354 (D.N.J. 2021) (quoting *Jalowiecki v. Leuc*, 182 N.J. Super. 22, 28 (App. Div. 1981)). New Jersey courts apply a three-part test to determine whether a statute implies a private right of action. *Id.* (citing *Cort v. Ash*, 422 U.S. 66, 78 (1975)). The Court considers three factors:

> [1] whether the plaintiff is "one of the class for whose *especial* benefit the statute was enacted"; [2] whether there is any evidence that the Legislature intended to create a private cause of action under the statute; and [3] whether implication of a private cause of action in this case would be "consistent with the underlying purposes of the legislative scheme."

*Jarrell v. Kaul*, 223 N.J. 294, 307 (2015) (emphasis in original) (cleaned up). "Through this inquiry the Court seeks to ascertain the underlying legislative intent." *Id.* (citing *Jalowiecki*, 182 N.J. Super. at 30). "When the Legislature has expressly created specific remedies, a court should always hesitate to recognize another unmentioned remedy." *Id.* (citing *Transamerica Mortg. Advisors, Inc. v. Lewis*, 444 U.S. 11, 19 (1979)).

Here, the legislative history does not suggest that the New Jersey Legislature intended to create a private right of action under the statute. And even if there were, the language of the statute contradicts any such intention by expressly conferring on the New Jersey Attorney General the responsibility to investigate any violations of the act and pursue a civil action against the violating

7

party. *See* N.J.S.A. § 2A:16-9.2.  Given that the statutory scheme already expressly provides a civil remedy via the Attorney General's investigation and litigation, the Court finds no basis to imply a private right of action for Plaintiff.  Accordingly, the Court finds that Plaintiff's proposed amendment is futile.  Therefore, leave to amend the Complaint to add this claim is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend her Complaint is **DENIED WITHOUT PREJUDICE**.  An appropriate Order follows.

s/Elizabeth A. Pascal
ELIZABETH A. PASCAL
United States Magistrate Judge

cc:  Hon. Edward S. Kiel, U.S.D.J.